IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:23-cr-00023-GHD-RP

JEMARIOUS FAIR  DEFENDANT

### ORDER DENYING DEFENDANT'S MOTION FOR BOND RECONSIDERATION

Presently before the Court is the Defendant's Motion for Bond Reconsideration. The Court conducted a hearing relative to the Defendant's motion on August 7, 2023, and heard argument and testimony regarding the Defendant's motion. In his motion, the Defendant asks the Court to reconsider the Order of Detention entered by the Magistrate Judge [100], and requests that he be released on bond pending sentencing in this matter on October 27, 2023. Upon due consideration, the Court finds that Defendant's Motion should be denied.

## BACKGROUND

The Defendant was indicted [1] on February 22, 2023, for wire fraud and conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. Because the Defendant was already in custody due to a pending Petition to Revoke Supervised Release, the Magistrate Judge assigned to this matter did not address the Defendant's detention until April 26, 2023, after the Defendant filed a motion for bond [90, 98]. At that hearing, which occurred prior to the Defendant entering a plea of guilty in this case, United States Magistrate Judge Roy Percy ordered the Defendant detained pending trial pursuant to 18 U.S.C. § 3142(g), finding by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community due to the Defendant's prior criminal history, his participation in criminal activity while on probation, parole, or supervision, and his prior violations of supervised release [100].

The Defendant has now filed the instant motion [150] seeking a hearing and to be released on bond. The Defendant argues that the Court should revoke or amend the order of detention and release him on bond pending sentencing largely because he has pled guilty in this case and because his co-defendants have been released on bond. The Government opposes the Defendant's motion, arguing that the Defendant's criminal history and pattern of conduct while on previous terms of supervised release warrant detention pending sentencing.

## DISCUSSION

"If a person is ordered detained by a magistrate judge, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992) (citing *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985)).

Because the Defendant has pled guilty in this matter and is awaiting sentencing, 18 U.S.C. § 3143 is operative. It provides that a defendant who has entered a guilty plea or been convicted of an offense and who is awaiting sentencing shall "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . ." 18 U.S.C. § 3143(a).

The Court finds that the Defendant has failed to meet this high burden. His motion shall therefore be denied and he shall be detained pending sentencing. The Defendant's prior criminal history, which includes conviction for two felonies, combined with his prior violations of supervised release and his participation in criminal activity while on supervised release, all weigh

2

against a finding, particularly by clear and convincing evidence, that the Defendant should be released. While on state supervision for two prior felony drug convictions, the Defendant committed the felony offense of being a felon in possession of a firearm. After release from imprisonment for that offense and while on federal supervised release, the Defendant's supervised release was twice revoked - once for being a felon in possession of a firearm, which was an AK-47 style handgun, and once for being arrested in Texas, where he was discovered to be carrying over $10,000 in cash on his person, after travelling there without the permission of his probation officer. Given the Defendant's overall criminal history and the Defendant's conduct during previous periods of supervised release, the Court finds that the Defendant has failed to show by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. Accordingly, the Defendant's motion for bond is denied and he shall be detained pending sentencing in this matter.

THEREFORE, it is hereby ORDERED that the Defendant's motion for Bond Reconsideration is DENIED; the Defendant shall remain detained in the custody of the United States Marshall awaiting sentencing.

SO ORDERED, this, the 2nd day of August, 2023.

_____
SENIOR U.S. DISTRICT JUDGE

3